**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**JUDGE PHILIP A. BRIMMER**

**COURTROOM MINUTES**

| | |
|---|---|
| Courtroom Deputy: Nel Steffens | Date: September 27, 2011 |
| Court Reporter: Janet Coppock | Time: 47 minutes |
| Probation Officer: Susan Heckman | Interpreter: N/A |

**CASE NO.  10-cr-00501-PAB**

| Parties | Counsel |
|---|---|
| **UNITED STATES OF AMERICA,** | Jaime Pena |
| Plaintiff, | |
| vs. | |
| **2.  CLAUDIA LUEVANO RANGEL,** | David Lindsey |
| Defendant. | |

**SENTENCING**

**2:35 p.m.     COURT IN SESSION**

APPEARANCES OF COUNSEL.  Defendant is present and on bond.

**ORDERED:**  The statement of facts in the Plea Agreement and the Presentence Report are not disputed by the parties and are adopted in the Court's factual findings in this case.  The report is incorporated by reference as part of the Court's findings and conclusions.

Mr. Lindsey addresses corrections and objections to the Presentence Report.

Colloquy between the Court and Mr. Lindsey.

Response and objections by Mr. Pena.

Court states its findings and conclusions.

**ORDERED:** The defendant's objections to the Presentence Report as stated in her document #103, filed June 10, 2011, are **OVERRULED**.

Court addresses the **Government's 5K1.1 Motion for Downward Departure Based on Substantial Assistance and Response to Defendant's Anticipated Motion for a Variant Sentence** [#121] filed September 7, 2011.

Argument by Mr. Pena.

Response by Mr. Lindsey.

Court states its findings and conclusions.

**ORDERED:** The **Government's 5K1.1 Motion for Downward Departure Based on Substantial Assistance and Response to Defendant's Anticipated Motion for a Variant Sentence** [#121] filed September 7, 2011, is **GRANTED**.

Court addresses the defendant's **Motion for Non-Guideline Sentence** [#124] filed September 13, 2011.

Argument by Mr. Lindsey and statements regarding sentencing.

Response by Mr. Pena and statements regarding sentencing.

Defendant addresses the Court.

Court states its findings and conclusions.

**ORDERED:** The defendant's **Motion for Non-Guideline Sentence** [#124] filed September 13, 2011, is **GRANTED**.

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

Defendant entered her plea of guilty to Count One of the Indictment on **March 17, 2011**,.

**ORDERED:** Defendant's plea of guilty is **ACCEPTED.**

**ORDERED:** Court **ACCEPTS** the Plea Agreement.

**ORDERED:** Defendant is sentenced to **supervised probation** for a period of **five (5)** years.

**ORDERED:** **Conditions** of Supervised Probation that:
- (**X**) Defendant shall not commit another federal, state or local crime.
- (**X**) Defendant shall not illegally possess controlled substances.
- (**X**) Defendant shall not possess a firearm or destructive device.
- (**X**) Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.
- (**X**) Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.
- (**X**) Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are WAIVED because the Presentence Report indicates a low risk of future substance abuse by the defendant.

**ORDERED:** **Special Condition** of Supervised Release that:
- (**X**) Defendant shall make restitution to the victims in the amounts indicated in the Presentence Report in the total amount of $483,138.00, to be paid jointly and severally with co-defendant Judith Martinez in this case; payment shall be divided equally among the victims. Disbursement of restitution payments shall be deferred until the balance in the Court registry account totals at least $1,000.00.
- (**X**) Defendant shall comply with the terms and conditions for payment of the special assessment, restitution or fine imposed by this judgment.
- (**X**) Defendant shall pay any **special assessment, restitution, fine** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.
- (**X**) Within 60 days of release from confinement, defendant shall meet with the probation officer to develop a plan for the payment of restitution; the plan will be based upon the defendant's income and expenses and the plan will be forwarded to the Court for review and approval.
- (**X**) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless she is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.
- (**X**) Defendant shall apply any monies received from any income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligations in this case.

**ORDERED:** Defendant shall pay **$100.00** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:** **No fine** is imposed because defendant has no ability to pay a fine.

**ORDERED:** Interest on restitution is WAIVED.

**ORDERED:** Defendant advised of right to appeal. Any notice of appeal must be filed within 10 days.

**ORDERED:** Defendant's bond is exonerated.

**3:22 p.m.**     **COURT IN RECESS**

**Total in court time:**     **47 minutes**

**Hearing concluded.**